IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-03-0436-02 |
| | § | |
| TAIYE KASSIM | § | (Civil Action No. H-07-2004) |

## MEMORANDUM AND ORDER OF DISMISSAL

The defendant, Taiye Kassim, also known as Sediq or Sodik Adegun, was convicted following a trial in this case of conspiracy to import heroin, conspiracy to possess with intent to distribute heroin, possession with intent to distribute heroin (two counts), and interstate travel to promote a drug trafficking enterprise. In a judgment entered on February 8, 2005, this Court sentenced Kassim to serve 324 months in prison. The Fifth Circuit has affirmed the conviction and sentence. *See United States v. Aransiola, et al.*, No. 05-20125 (5th Cir. April 11, 2006) (per curiam). Kassim has now filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, along with a supporting memorandum. (Crim. Docs. # 413, # 414). The motion is denied for reasons set forth briefly below.

Kassim contends that he is entitled to relief from his sentence under 28 U.S.C. § 2255 because he was denied the right to counsel or the right to effective assistance of counsel for purposes of securing a reduced sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. Kassim contends further, in two related grounds, that his sentence of 324 months was imposed under the "mandatory" Sentencing Guidelines and not based on facts proven to a jury beyond a reasonable doubt. Kassim argues, therefore, that his sentence is

unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). Kassim fails to show that any of his claims warrant relief under 28 U.S.C. § 2255 for reasons that follow.

**A.     Rule 35(b) and the Right to Counsel**

Kassim contends that he was interviewed by a law enforcement agent in February of 2007, at the Federal Detention Center in Houston, without the benefit of his attorney, Yolanda Jarmon. During this interview, Kassim reportedly provided information to assist law enforcement with an ongoing investigation in the hopes that he might earn a reduction in sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. Because his attorney was not present, Kassim argues that he was denied his constitutional right to counsel. Kassim maintains further that Jarmon has been ineffective since the interview occurred because she has failed to make sure that Kassim received "credit" for the information that he provided to law enforcement.

Under Rule 35(b), the government may file a motion to reduce a defendant's sentence if the defendant, after sentencing, has provided "substantial assistance" to law enforcement in investigating or prosecuting another person. By its plain language, Rule 35(b) authorizes the government, and not the defendant, to file a motion seeking a reduced sentence. *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994). The Fifth Circuit has held that the right to counsel does not attach to proceedings initiated by the government to reduce a sentence under Rule 35(b) or to negotiations concerning the same. *United States v. Palomo*, 80 F.3d 138, 141 (5th Cir. 1996). Absent a constitutional right to counsel, there can be no

deprivation of the right to counsel or the right to effective assistance of counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam); *see also Palomo*, 80 F.3d at 141, n.5. Accordingly, Kassim's allegation that he was denied the right to counsel or his right to the effective assistance of counsel for the purpose of obtaining a sentence reduction under Rule 35(b) is without merit.

To the extent that Kassim contends that he was improperly denied a reduction in sentence, the government's refusal to file a Rule 35(b) motion on a defendant's behalf is not subject to judicial review unless that refusal is based on an unconstitutional motive such as race or religion. *Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995). Kassim does not offer any details about the information he provided to law enforcement and he does not demonstrate that his assistance was substantial. Likewise, Kassim does not allege or show that he was denied a sentence reduction as the result of any improper motive. Kassim claims only that he is entitled to relief because he provided information to a law enforcement agent after his sentencing. A defendant's bare allegation that he provided substantial assistance does not warrant a remedy. *See Wade*, 504 U.S. at 186. Therefore, Kassim does not demonstrate that he is entitled to relief on this issue.

### B. Challenges to the Sentence

Kassim challenges his sentence under *Blakely* and *Booker*, *supra*, on the grounds that his punishment was increased according to the "mandatory" Sentencing Guidelines by facts that were not proven to the jury (presumably, drug quantity). Kassim's challenge to his

sentence fails as a matter of law. A review of the appellate brief filed by Kassim shows that he raised a challenge to his sentence on direct appeal under *Blakely* and *Booker*. Kassim also disputed the quantity of drugs that were found attributable to him for purposes of determining his sentence. The Fifth Circuit considered these claims and found them to be "without reversible merit[.]" *United States v. Aransiola, et al.*, No. 05-20125 (5th Cir. April 11, 2006) (per curiam). Claims that have been raised and rejected on direct appeal are not cognizable on collateral review. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Because Kassim's claims were rejected previously on appeal, his claims are not cognizable under 28 U.S.C. § 2255.

More importantly, Kassim's challenge to his sentence is without merit. The record confirms that Kassim was sentenced after *Booker* was decided. Kassim raised objections to the Presentence Report (the "PSR") under *Blakely* and *Booker*. (Crim. Doc. # 260). These objections were resolved at Kassim's sentencing, where the Court expressly applied the Guidelines in their advisory capacity only. Thus, contrary to Kassim's assertion, he was not sentenced under a mandatory Guidelines scheme. Kassim's allegations do not establish that the Guideline range was improperly calculated or that his sentence was unreasonable. Accordingly, Kassim fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255.

### C.     Conclusion and Order

For all of the foregoing reasons, Kassim is not entitled to relief in this proceeding under 28 U.S.C. § 2255. Therefore, pursuant to Rule 4(b) of the Rules Governing Section

2255 Proceedings in the United States District Courts, the Court **ORDERS** as follows:

1. The defendant's motion (Crim. Doc. # 413) is **DENIED** and this proceeding is summarily **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

3. The Clerk shall **CLOSE** the corresponding civil action (Civil Action No. H-07-2004).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>June 29</u>, 2007.

_____
Nancy F. Atlas
United States District Judge