IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-03-0436-02 |
| | § | |
| TAIYE KASSIM | § | (Civil Action No. H-07-2004) |
| | § | |

## <u>ORDER</u>

On June 29, 2007, this Court denied the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by the defendant, Taiye Kassim, and dismissed the corresponding civil case (H-07-2004). The Fifth Circuit denied Kassim's request for a certificate of appealability on December 9, 2008. Kassim has now filed a motion for relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. #454], along with a memorandum in support [Doc. #455]. The motion is denied for reasons set forth briefly below.

Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b) (2009).

1

"The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990)).

Kassim, also known as Sediq or Sodik Adegun, was convicted following a jury trial on charges of conspiracy to import heroin, conspiracy to possess with intent to distribute heroin, possession with intent to distribute heroin (two counts), and interstate travel to promote a drug trafficking enterprise. In a judgment entered on February 8, 2005, this Court sentenced Kassim to serve 324 months in prison. The Fifth Circuit affirmed the conviction and sentence in an unpublished opinion. *See United States v. Aransiola, et al.*, No. 05-20125 (5th Cir. April 11, 2006) (per curiam). Kassim did not appeal further by filing a petition for a writ of certiorari with the Supreme Court.

In the motion for relief from his sentence under 28 U.S.C. § 2255, filed in June 2007, Kassim argued that he was denied the right to counsel or the right to effective assistance of counsel for purposes of securing a reduced sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. Kassim maintained further, in two related grounds, that his sentence of 324 months was imposed under the "mandatory" Sentencing Guidelines and not based on facts proven to a jury beyond a reasonable doubt. Kassim argued, therefore, that his sentence was unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). The Court found that Kassim failed to show that he had

2

right to counsel for purposes of pursuing relief under Rule 35(b), which allows the government to request a reduction in sentence, but not a defendant. The Court also found that Kassim's challenge to his sentence under *Blakely* and *Booker* had been addressed on direct appeal and, alternatively, that his arguments were without merit because the Court expressly considered these precedents before imposing sentence.

In his pending motion for relief from the final judgment, Kassim contends that this Court erred by summarily denying his motion under 28 U.S.C. § 2255. Arguing that summary dismissal violated his right to due process, Kassim insists that he is entitled to relief under Rule 60(b)(4) because this Court's decision to deny relief is "void." A judgment may be set aside under Rule 60(b)(4) if the district court lacked subject matter or personal jurisdiction, or if it took an action that was inconsistent with due process. *See Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (citations omitted). Kassim does not demonstrate that his underlying claims had merit or that the Court erred by denying relief under 28 U.S.C. § 2255 without requiring an answer from the government.[1] Thus, Kassim does not establish a violation of due process or show that he is entitled to relief from the final judgment under Rule 60(b)(4).

Kassim contends further that he is entitled to relief from the final judgment under Rule 60(b)(5) because this Court's decision is based on a judgment that "has been satisfied,

---

[1]    It appears that Kassim's due process argument was raised and rejected during his appeal to the Fifth Circuit, which considered the final judgment and denied Kassim's request for a certificate of appealability. *See United States v. Kassim*, No. 07-20549 (Dec. 9, 2008).

3

released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Kassim argues, in particular, that he is entitled to relief because "circumstances" have "changed." Kassim does not provide specific facts in support of this assertion and he does not present any valid authority demonstrating that reconsideration is warranted. Kassim points to *United States v. Texas*, 601 F.3d 354, 359 (5th Cir. 2010), in which the Fifth Circuit encountered a trial court's decision to reconsider a "prior judgment 'in order to correct clear and manifest errors of law and fact upon which the judgment is based.'" (quoting *United States v. Texas (LULAC IV)*, 572 F. Supp. 2d 726, 730 (E.D. Tex. 2008)). To the extent that Kassim contends that the final judgment was entered in error, his arguments are governed by Rule 59(e), or perhaps Rule 60(b)(1), and are untimely. *See* FED. R. CIV. P. 59(e), 60(c)(1). Kassim does not otherwise show that Rule 60(b)(5) applies. *See Baum v. Bllue Moon Ventures, LLC*, 513 F.3d 181, 190 (5th Cir. 2008) (explaining that a Rule 60(b)(5) motion is the appropriate vehicle for modifying a permanent injunction that has prospective effect).

Finally, Kassim contends that he is entitled to relief under Rule 60(b)(6) in the "interest of justice." In support of this claim, Kassim appears to repeat the argument that his § 2255 motion was summarily denied without due process. Rule 60(b)(6) is "a residual or catch-all provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 357 (5th Cir. 1993). Kassim does not demonstrate that the underlying judgment and sentence, or the decision to deny relief under 28 U.S.C. § 2255, were based on manifest errors of law or fact. Nor does he show that there has been

4

a change in circumstances or legal authority that would require reconsideration of the judgment.  It follows, therefore, that Kassim is not entitled to relief under Rule 60(b)(6).

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.      Kassim's motion for relief from the final judgment [Doc. # 454] is **DENIED**.

2.      A certificate of appealability is also **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on October 17, 2011.

Nancy F. Atlas
United States District Judge